UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL PENNY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  08-1667 (RMU) |
| | : | |
| v. | : | Re Document No.:  11 |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM OPINION</u>**

GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff challenges the United States Marshals Service's ("USMS") response to his requests for records pertaining to himself, other individuals and real property.  The defendant moves for summary judgment under Federal Rule of Civil Procedure 56.  Upon consideration of the parties' submissions and the entire record, the court grants in part and denies in part without prejudice the defendant's motion.

**II.  FACTUAL & PROCEDURAL BACKGROUND**

In October 2006, the plaintiff requested from the USMS records pertaining to himself, the execution of a search warrant on August 16, 2006 at 4901 W. Congress, Chicago, Illinois, a lease agreement "between the Federal Government & Michael Penny, on or about . . . April of 1989" for the foregoing property and "any and all records or documents" pertaining to the leasing and occupancy of said property by the plaintiff, Tammy Brown and unnamed individuals during the

1990s.  Def.'s Mot., Decl. of William E. Bordley ("Bordley Decl."), Ex. A.  On December 15, 2006, the USMS released five redacted pages of information to the plaintiff, informed him that it had withheld information under FOIA exemptions 2 and 7(C), *see* 5 U.S.C. 552(b), and advised him of his right to appeal the determination to the Department of Justice's Office of Information and Privacy ("OIP"), Bordley Decl., Ex. C.  The plaintiff lodged an appeal with OIP, *id*., Ex. D, which affirmed the USMS's determination on April 12, 2007, *id*., Ex. F.

At the time he commenced the instant lawsuit on September 30, 2008, the plaintiff provided to the defendant for the first time privacy waivers from Jonathan Penny, Tammie Brown, Rodney Williams and Clara Penny.  *Id*. ¶ 14.  In November 2008, the defendant conducted an additional search for responsive documents "to assure completeness," which resulted in the release of an additional seven redacted pages of materials and one previously released page with the name of Clara Penny disclosed.  *Id*., Ex. I.  The defendant withheld information from the supplemental release under FOIA exemptions 2, 7(C) and 7(F).  *Id*.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

"genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*  In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

      The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions. *Wash. Post Co. v. U.S. Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)).  The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  When, as here, responsive records are not located, an agency is entitled to summary judgment if it establishes "beyond material doubt [] that it conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . .  submitted in good faith." *Id.* (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Cent. Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness.  *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An agency is required to produce only those records in its custody and control at the time of the FOIA request.  *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

### B. The Plaintiff Concedes the Defendant's Properly Supported Reasons for Redacting Material from the Released Records

In support of its motion for summary judgment, the defendant submits the declaration of William E. Bordley, an Associate General Counsel and Freedom of Information/Privacy Act Officer responsible for processing "all [FOIA] requests made to any USMS office located throughout the United States pursuant to USMS policy." Bordley Decl. ¶ 1. Bordley's position and responsibilities qualify him to testify about the matters at hand. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit") (citation omitted); *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (noting that "[a] declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in his declaration, he attests to his personal knowledge of the procedures used in handling a FOIA request and his familiarity with the documents in question") (citations and internal quotation marks and brackets omitted).

The defendant asserts that from the twelve pages it released to the plaintiff in response to his FOIA request, it redacted "internal agency case number[s]" under FOIA exemption 2 and the names and telephone numbers of third-party individuals, mostly government employees, under exemptions 7(C) and 7(F). Bordley Decl. ¶ 20. The plaintiff does not dispute the defendant's justification for the redactions, instead maintaining that the released records were not responsive to his request. *See* Pl.'s Opp'n at 3-4. The court therefore treats the defendant's justifications for redacting the foregoing information as conceded. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (observing that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that

the plaintiff failed to address as conceded") (*citing FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).[1]

### C. The Defendant Has Not Demonstrated an Adequate Search for Responsive Records

To demonstrate the adequacy of its search efforts, the defendant asserts that it conducted a search of its Prisoner Processing and Population Management/Prisoner Tracking System and the Warrant Information Network ("WIN") using the "plaintiff's name and/or personal identifier, [] asset identification number, and by reference to the items listed pursuant to his request." Bordley Decl. ¶¶ 5-6, 7. The search covered the defendant's office in the Northern District of Illinois and the USMS Headquarters Asset Forfeiture Office. *Id*. ¶¶ 5, 7. After the commencement of this litigation, the defendant conducted an additional search that included "[t]he Department of Justice Consolidated Assets Tracking System (CATS)," which is "the automated database for seized and forfeited property." *Id*. ¶ 15. The CATS database "is primarily retrieved by a CATS identification number, occasionally by a civil action case number, a property description or identification number, and in rare instances, under an individual's name." *Id*. The defendant searched the CATS database only by "an asset identification number" found in the earlier disclosed five pages. *Id*. Bordley does not state that the search encompassed the aforementioned retrieval terms and, thus, provides no basis for concluding that the latter

---

[1] At any rate, it is clear that the defendant properly justified withholding internal case numbers as "predominantly internal information," Bordley Decl. ¶ 16, under exemption 2, *see James Madison Project v. CIA*, 607 F. Supp. 2d 109, 123 (D.D.C. 2009) (noting that "Low 2" exempt materials include such items as "file numbers . . . and other trivial administrative data") (citations and internal quotation marks omitted). It is equally clear that the defendant properly justified withholding third-party identifying information under the personal privacy provision of exemption 7(C) and, as to one document (Item 7), under the endangerment provision of exemption 7(F). *See Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) (holding that third-party information contained in law enforcement records is categorically exempt from disclosure absent requester's demonstration of an overriding public interest).

search was reasonably calculated to locate all responsive records.  The court therefore denies the defendant's summary judgment motion on the search question without prejudice to reconsideration after the defendant has supplemented the record.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment as to its application of FOIA exemptions to the withheld material but denies without prejudice the motion as to the search of the CATS database for responsive records.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 14th day of September, 2009.

RICARDO M. URBINA
United States District Judge