# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MICHAEL PENNY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1667 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 22 |
| | : | | |
| U.S. DEPARTMENT OF JUSTICE, | : | | |
| | : | | |
| Defendant. | : | | |

## <u>MEMORANDUM OPINION</u>

### GRANTING THE DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, the plaintiff challenges the United States Marshals Service's ("USMS") response

to his requests for records pertaining to himself, other individuals and real property. In a prior

memorandum opinion, the court denied in part without prejudice the defendant's motion for

summary judgment, concluding that the defendant had not demonstrated that the USMS had

conducted an adequate search for records in a particular database in response to the plaintiff's

FOIA requests. The defendant now renews its motion for summary judgment as to the adequacy

of its search. Upon consideration of the parties' supplemental submissions, the court grants the

defendant's renewed motion.

### II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff commenced this action in September 2008, challenging the USMS's

response to his requests for records pertaining to himself, the execution of a search warrant on

August 16, 2006 at 4901 W. Congress Street in Chicago, Illinois, a lease agreement "between the

Federal Government & Michael Penny, on or about . . . April of 1989" for the aforementioned

property and "any and all records or documents" pertaining to the leasing and occupancy of said

property by the plaintiff, Tammy Brown and unnamed individuals during the 1990s.[1]  Def.'s

Renewed Mot. for Summ. J., Decl. of William E. Bordley ("Bordley Decl."), Ex. A.  In

December 2008, the defendant moved for summary judgment.  *See generally* Def.'s 1st Mot. for

Summ. J.

       The court issued a memorandum opinion in September 2009, granting in part and

denying in part without prejudice the defendant's motion for summary judgment.  *See generally*

Mem. Op. (Sept. 15, 2009).  Specifically, the court granted summary judgment to the defendant

on its claim that certain FOIA disclosure exemptions justified the nondisclosure of certain

materials otherwise responsive to the plaintiff's requests.  *Id.* at 5-6.  The court, however, denied

without prejudice the portion of the defendant's motion concerning the adequacy of the search

conducted in response to the plaintiff's request.  *Id*. at 6-8.  The court specifically noted that the

defendant had searched its Consolidated Assets Tracking System ("CATS") database only by

using an "asset identification number," rather than other retrieval terms, such as the plaintiff's

name and personal identifier, that it had used when searching other databases potentially

containing responsive documents.  *Id*. at 6.  Because the defendant had provided no basis for

concluding that its search of the CATS database was reasonably calculated to locate all

responsive records, the court denied without prejudice the defendant's motion for summary

judgment on this search.  *Id*.

---

[1]      A more detailed description of the factual history underlying this case may be found in a prior
memorandum opinion of this court.  *See* Mem. Op. (Sept. 15, 2009) at 1-2.

In October 2009, the defendant filed this renewed motion for summary judgment. *See generally* Def.'s Renewed Mot. for Summ. J. With this renewed motion fully briefed, the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure. 5 U.S.C. § 552; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). FOIA confers jurisdiction on the federal district courts to order the

release of improperly withheld or redacted information. 5 U.S.C. § 552(a)(4)(B). In a judicial

review of an agency's response to a FOIA request, the defendant agency has the burden of

justifying nondisclosure, and the court must ascertain whether the agency has sustained its

burden of demonstrating that the documents requested are exempt from disclosure under FOIA

and that the agency has adequately segregated exempt from non-exempt materials. 5 U.S.C. §

552(a)(4)(B); *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001); *Summers v. Dep't of Justice*,

140 F.3d 1077, 1080 (D.C. Cir. 1998); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d

242, 260 (D.C. Cir. 1977). An agency may meet its burden by providing the requester with a

*Vaughn* index, adequately describing each withheld document and explaining the reason for the

withholding. *Summers*, 140 F.3d at 1080; *King v. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir.

1987); *Vaughn*, 484 F.2d 820 (fashioning what is now commonly referred to as a "*Vaughn*

index").

The court may grant summary judgment to an agency on the basis of its affidavits if they:

> [(a)] describe the documents and the justifications for nondisclosure with
> reasonably specific detail, [(b)] demonstrate that the information withheld
> logically falls within the claimed exemption, and [(c)] are not controverted by
> either contrary evidence in the record nor by evidence of agency bad faith.

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B. The Defendant Conducted an Adequate Search for Responsive Records

In support of its renewed motion, the defendant submits two declarations from William

Bordley, Associate General Counsel and FOIA/Privacy Act Officer of the USMS.[2] *See*

*generally* Bordley Decl.; Def.'s Renewed Mot. for Summ. J., Supplemental Decl. of William E.

Bordley ("Supplemental Bordley Decl."). Bordley contends that the defendant conducted a

---

[2]     The court previously deemed Bordley competent to testify about the defendant's search efforts in
this case. *See* Mem. Op. (Sept. 15, 2009) at 5.

search of its Prisoner Processing and Population Management/Prisoner Tracking System and the Warrant Information Network ("WIN") using the "plaintiff's name and/or personal identifier, [] asset identification number, and by reference to the items listed pursuant to his request." Bordley Decl. ¶¶ 5-7. This search covered the defendant's office in the Northern District of Illinois and the USMS Headquarters Asset Forfeiture Office. *Id.* ¶¶ 5, 7.

Moreover, Bordley states that in response to the court's September 2009 ruling, the defendant conducted an additional search of the CATS database. Supplemental Bordley Decl. ¶ 3. Specifically, Bordley states that on September 29, 2009, "the USMS CATS Team Leader performed searches for records using the following identifiers: 1. Michael Penny, 2. 4901 W. Congress Street, Chicago, Illinois [,] 3. Seizure Warrant No. 89 C 2736 and 4. Civil Case No. 89 C 2736." *Id.* ¶¶ 2-3. This supplemental search uncovered two additional pages of responsive records, which the defendant released to the plaintiff on October 6, 2009. *Id.* ¶ 6 & Ex. J. Bordley further states that "the USMS has conducted an exhaustive search in the databases and files . . . where information pertaining to plaintiff's FOIA request reasonably would be located." *Id.* ¶ 7.

In his opposition, the plaintiff questions the adequacy of the defendant's search and speculates that responsive records could be available elsewhere. *See generally* Pl.'s Opp'n. None of the plaintiff's unsubstantiated claims, however, "plac[es] the sufficiency of the identification or retrieval procedures genuinely in issue[.]" *Spannaus v. CIA*, 841 F. Supp. 14, 16 (D.D.C. 1993); *see also Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (reiterating that "the fact that a particular document was not found does not demonstrate the inadequacy of a search") (internal citations omitted); *Campbell v. Dep't of*

*Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) (stating that "[w]hen a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not search every record system") (internal citation omitted).

Thus, based upon the searches Bordley describes in his initial and supplemental declarations, the court concludes that the defendant performed an adequate search for responsive records.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's renewed motion for summary judgment.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of May, 2010.

RICARDO M. URBINA
United States District Judge